UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

BRUCE MITCHELL NICHOLSON,

                              Plaintiff,

    v.                                                                   5:18-CV-1147 (BKS/ATB)

CORNELIUS HARRIS, JR., et al.

                              Defendants.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

BRUCE MITCHELL NICHOLSON
Plaintiff, pro se

ANDREW T. BAXTER, United States Magistrate Judge

**ORDER and REPORT-RECOMMENDATION**

**I.**    **Procedural History**

Plaintiff filed his original complaint in this case on September 24, 2018, together with an incomplete application to proceed in forma pauperis ("IFP"). (Dkt. Nos. 1, 2). The case was administratively closed pending plaintiff's submission of the appropriate information. (Dkt. No. 2). On November 19, 2018, plaintiff submitted a revised IFP application, together with a "Request for Judicial Intervention," relating to the IFP application. (Dkt. Nos. 6-8). On November 21, 2018, I directed the Clerk to reopen this action and restore the case to the active docket. (Dkt. No. 9). The plaintiff's complaint is before me for initial review.

**II.**    **IFP Application**

A review of plaintiff's renewed IFP application shows that he declares he is unable to pay the filing fee. (Dkt. No. 6). This court agrees and finds that plaintiff is financially eligible to proceed without payment of fees. Plaintiff's request for "judicial intervention" involves compelling the correctional facility in which plaintiff is currently incarcerated to provide information for plaintiff's IFP application. (Dkt. No. 8). Since

the court is granting plaintiff's motion for IFP with respect to his financial condition, plaintiff's motion for judicial intervention (Dkt. No. 6) is denied as moot.

In addition to determining whether plaintiff meets the financial criteria to proceed IFP, the court must also consider the sufficiency of the allegations set forth in the complaint in light of 28 U.S.C. § 1915, which provides that the court shall dismiss the case at any time if the court determines that the action is (i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i) -(iii).

In determining whether an action is frivolous, the court must consider whether the complaint lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  Dismissal of frivolous actions is appropriate to prevent abuses of court process as well as to discourage the waste of judicial resources. *Neitzke*, 490 U.S. at 327; *Harkins v. Eldridge*, 505 F.2d 802, 804 (8th Cir. 1974).  Although the court has a duty to show liberality toward *pro se* litigants, and must use extreme caution in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and has had an opportunity to respond, the court still has a responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed. *Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (finding that a district court may dismiss a frivolous complaint *sua sponte* even when plaintiff has paid the filing fee).

To survive dismissal for failure to state a claim, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "Threadbare recitals of the elements of a cause of action,

supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 555). The court will now turn to a consideration of the plaintiff's proposed amended complaint under the above standards.

## II.  Facts

Plaintiff alleges that on December 18, 2012, Special Agent ("SA") Alix Skelton of the Federal Bureau of Investigation ("FBI") applied for and received a warrant to search a vehicle owned by the plaintiff. (Complaint ("Compl.") at 5)[1] (Dkt. No. 1). The vehicle was located at plaintiff's employer's address in Syracuse, New York. (*Id.*) SA Skelton executed the warrant on December 19, 2012, and seized various items, including an Acer laptop computer. (*Id.*) Plaintiff alleges that on January 27, 2013, the FBI office in Birmingham, Alabama reported receiving the Acer laptop, which was shipped from Syracuse, New York. (*Id.*) Plaintiff alleges that the forensic analysis of the information on the laptop was not completed within the 60 day time period allotted in the search warrant, nor did the agents ask for an extension of that time limit. Plaintiff claims that defendants SA Wendy Davis and SA Cornelius Harris, both of the FBI office in Alabama, violated the explicit terms of the search warrant. (Compl. at 6).

## III.  Basis for the Complaint

### A.  *Bivens*

The complaint states that the action is being brought pursuant to *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). The defendants are the individual FBI agents in Alabama, who were allegedly in charge of analyzing the data

---

[1] Although plaintiff has used a form-complaint, the pages of the complaint are not consecutively numbered because he has inserted a handwritten sheet of facts. The court will cite to the pages of the complaint as assigned by the court's electronic filing system ("CM/ECF").

3

in the laptop computer.  The complaint contains two causes of action, one for "unreasonable search," and the second for "unreasonable seizure." (Compl. at 7). The "Relief Requested" is "Motion for Return of Property, "Destruction of Contraband," Motion for Suppression of Evidence, [and] Declaratory Judgment." (Compl. at 7, ¶ VI).

A *Bivens* action is an action for damages and must be brought against individual federal defendants, not against a federal agency or against the United States itself. *Bonilla v. United States*, No. 06-CV-1198, 2008 WL 4104579, at *3 (E.D.N.Y. Sept. 4, 2008) (citing inter alia *Polanco v. United States Drug Enforcement Agency*, 158 F.3d 647, 650 (2d Cir. 1998)).  Plaintiff is not seeking damages.  He is seeking a return of his property, a "destruction of contraband," suppression of evidence, and a declaratory judgment, none of which may be brought against the individual agents. *See Bonilla*, 2008 WL 4104579, at *3 (citing *Grullon v. Reid*, No. 97 Civ. 7616, 1999 WL 436457, at *5 (S.D.N.Y. June 24, 1999) (only the government, not the individual defendants could return property to plaintiff).  Thus, plaintiff may not sue the named defendants under *Bivens*, requesting the return of his property.

In addition, venue in a *Bivens* action is governed by 28 U.S.C. § 1391(b) which provides that

> (b) A civil action may brought in – (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

*Mikhaylov v. United States*, 29 F. Supp. 3d 260, 273 (E.D.N.Y. 2014) (citing 28 U.S.C. § 1391(b) and *Gonzalez v. Hasty*, 651 F.3d 318, 324 (2d Cir. 2011)).

In this case, both individual defendants reside in the Northern District of Alabama, the acts or omissions of which plaintiff complains occurred in the Northern District of Alabama,[2] and the property which is the subject of plaintiff's action is located in the Northern District of Alabama. If *Bivens* were the proper basis for plaintiff's action, venue is not proper in this district. Any *Bivens* action should have been brought against the individual defendants in Alabama. When a case is filed in a district in which venue is improper, the court shall dismiss the case or, "if it be in the interest of justice, transfer such case to any district . . . in which it could have been brought." 28 U.S.C. § 1406(a). In this case, the court will recommend dismissing this action, rather than transferring the action because there are multiple reasons in addition to improper venue that dictate dismissal.

### B. Return of Property

Plaintiff requests the return of his "property." The court assumes that plaintiff is referring to the laptop that he mentions in the factual statement of his complaint because it is the only property to which he refers. There is more than one basis for such a motion. Under Fed. R. Civ. P. 41(g), a person who is "aggrieved by an unlawful search and seizure or by the deprivation of property may move for the property's return." The rule provides that the motion must be filed in the district where the

---

[2] Although the "seizure" of the laptop occurred in the Northern District of New York, plaintiff claims that the alleged violation occurred when the Alabama FBI agents failed to analyze the data on the computer within the time allotted by the court in the search warrant. Thus, the "acts or omissions" giving rise to plaintiff's complaint occurred in Alabama, not in New York. Even assuming that plaintiff could challenge the probable cause for the search warrant itself (which he may not, as will be discussed below), he does not do so in this case.

5

property is seized. *Id.* The Second Circuit also recognizes federal equitable jurisdiction to order the return of property after the conclusion of criminal proceedings. *United States v. Giovanelli*, 998 F.2d 116, 118 (2d Cir. 1993); *Amadi v. United States*, 220 F.R.D. 190, 192 (N.D.N.Y. 2004). A post-sentencing motion which is erroneously brought under Rule 41(g) is construed as a civil action in equity, brought pursuant to 28 U.S.C. § 1346 against the United States. *Rufu v. United States*, 20 F.3d 63, 65 (2d Cir. 1994) (per curiam).

Plaintiff in this case has not been sentenced. Finality attaches to a federal judgment when "'the district court disassociates itself from the case, leaving nothing to be done at the court of first instance save execution of the judgment.'" *Amadi*, 220 F.R.D. at 193 n.3 (quoting *Clay v. United States*, 537 U.S. 522 (2003)). Plaintiff's sentencing has been scheduled for March 12, 2019. (Dkt. No. 126). It appears that Rule 41(g) would still govern a motion for return of property because there are criminal proceedings pending in the Alabama court. Thus, according to Rule 41(g), the Northern District of New York would have jurisdiction to decide a motion for return of property that was seized in the Northern District of New York.[3] However, it is not

---

[3] In *Amadi*, the plaintiff was arrested, and his property seized in the Northern District of New York, but he was tried and convicted in New Jersey. 220 F.R.D. at 191. The court discussed Rule 41(g) and its predecessor, Rule 41(e). *Id.* & n.1. Rule 41(e), stated that a person who sought return of his or her property "may" move in the district in which the property was seized. In April of 2002, the Rule was reworded and renumbered as Rule 41(g), providing that the aggrieved individual "must" file the motion in the district where the property was seized. *Id.* Prior to the amendments to Rule 41, the Second Circuit held that the court where the defendant is tried had ancillary jurisdiction to decide the defendant's post-trial motion for return of seized property. *Soverino v. United States*, 967 F2d 791, 792-93 (2d Cir. 1992) (citations omitted). The language of Rule 41(g) is mandatory, and courts in the districts where property was seized have distinguished cases in which criminal proceedings are pending, requiring a motion under 41(g) and cases in which the criminal proceedings have ended, requiring jurisdiction under 28 U.S.C. § 1346. The court in *Amadi* transferred the action to New Jersey pursuant to 28 U.S.C. § 1406(a) because the criminal proceedings in *Amadi* had long since ended, and venue was proper in the district of plaintiff's trial. 220 F.R.D. at 193.

appropriate to exercise that jurisdiction in this case.

A review of plaintiff's criminal action in Alabama shows that plaintiff made a "Motion for Return of Property" on October 24, 2018. *United States v. Nicholson*, No. 2:15-CR-418 (Dkt. No. 122) (N.D. Ala.)  The motion includes the same laptop computer that he seeks to have returned herein.[4] *Id.*  The Government has responded to plaintiff's motion, and the motion is awaiting decision by the court in Alabama.[5] (Dkt. No. 125) (Gov't Resp.)  The Government has argued that the court in Alabama has jurisdiction to decide the Rule 41(g) motion, notwithstanding the mandatory language of the rule, citing the principles of "ancillary jurisdiction."  It is unclear whether the Government is correct in its argument.  However, this court need not make this determination.

In addition to responding in opposition to the plaintiff's Rule 41(g) motion, the Government in Alabama has also moved for a "Preliminary Order of Forfeiture" in plaintiff's criminal action. (Dkt. No. 124).  The Government's motion in Alabama is for forfeiture of various items, including the laptop that is the subject of this case.  The motion states, inter alia, that plaintiff was convicted on October 18, 2018 of "Indictment Counts Four through Six,"[6] triggering mandatory forfeiture provisions. (Dkt. No. 124 at ¶ 2).

---

[4] Plaintiff's motion includes other property in addition to the laptop computer. However, the additional property was seized in the Western District of Kentucky.

[5] Courts may take judicial notice of court records. *Graham v. City of New York*, 869 F. Supp. 2d 337, 343 (E.D.N.Y. 2012) (citing *Anderson v. Rochester-Genesee Reg. Transp. Auth.*, 337 F.3d 201, 205 n.4 (2d Cir. 2003)).

[6] Plaintiff was indicted for various crimes relating to child pornography.  Plaintiff was found guilty of all six counts of the indictment. (Dkt. No. 113-19).

7

The commencement of a civil or administrative forfeiture proceeding "ordinarily deprives the district court of subject matter jurisdiction to review the merits of the forfeiture on a Rule 41(g) motion." *Diaz v. United States*, 517 F.3d 608, 610-11 (2d Cir. 2008) (citing *De Almeida v. United States*, 459 F.3d 377, 382 (2d Cir. 2006); *United States v. One 1987 Jeep Wrangler Auto. VIN # 2BCCL8132HBS12835*, 972 F.2d 472, 479 (2d Cir.1992)). Once the forfeiture proceeding is completed, civil equitable jurisdiction may be invoked to determine whether proper procedural safeguards were observed in the forfeiture proceeding. *Id.* All of these proceedings would take place in the district of conviction. Thus, even if this court has jurisdiction over a Rule 41(g) motion, the pendency of the Government's motion for preliminary order of forfeiture would prevent this court from deciding the Rule 41(g) motion at this time.

This court notes that plaintiff also made four motions to suppress the laptop prior to trial in the Alabama criminal action,[7] the last of which was based on the argument made in this case. (Dkt. No. 86 at ¶¶ 8-11). The motions were denied after full briefing. (Dkt. No. 64 (MDO); 107 (MDO); 127 (Text Order resolving both Dkt. Nos. 85, 86 for "reasons stated on the record during the trial")). The laptop in question was an exhibit at plaintiff's trial. (Dkt. No. 121, Ex. 5). The property is still in Alabama.

It is well-settled that a criminal conviction, whether by jury verdict or guilty plea constitutes collateral estoppel in favor of the United States in a subsequent civil proceeding as to those matters determined by the judgment in the criminal case, provided that he had a full and fair opportunity to litigate the issue. *United States v.*

---

[7] (Dkt. Nos. 35, 84, 85, 86). The subjects of plaintiff's first motion were the Kentucky and New York warrant affidavits. (Dkt. No. 35). The second motion was to suppress evidence found in a truck that plaintiff was driving when he was arrested on July 16, 2012. (Dkt. No. 84). The third motion was to suppress DNA evidence. (Dkt. No. 85).

*Frank*, 494 F.2d 145, 160 (2d Cir. 1974); *Doe v. Doe*, No. 16 Civ. 0332, 2017 WL 3025885, at *6 n.3 (S.D.N.Y. July 14, 2017) (citing *Frank, supra*); *Cagan v. Gadman*, No. 08-CV-3710, 2012 WL 1071275, at *3 (E.D.N.Y. Mar. 28, 2012) (citing *Frank, supra*). The district court in Alabama has already determined the issue that plaintiff is now bringing before this court, and it is likely that he would be collaterally estopped from relitigating the propriety of the seizure or the subsequent handling of the evidence. In addition to the extent that plaintiff asks for "suppression of evidence" in this complaint, it certainly is not relief that is available to him because his trial is over, and the Alabama court has already denied plaintiff' motion to suppress.

Clearly, there are pending criminal proceedings in Alabama, the district of prosecution, that would prevent this court from exercising its jurisdiction to consider plaintiff's motion for return of property. Plaintiff has made an almost identical request to that made in Alabama, even though he labeled the request in Alabama as a motion for return of property, rather than a *Bivens* action as he has improperly done in this case.[8] Plaintiff has had a full and fair opportunity to litigate his claim in Alabama and has now raised this issue more than once in that court, having been denied by the court in the first instance. There is no reason for this court to exercise jurisdiction over plaintiff's complaint, even if it were properly labeled and contained the proper defendant. Plaintiff may not file multiple actions, making the same claim in hopes that

---

[8] Although plaintiff originally filed the complaint in this action on September 24, 2018 (prior to his trial in Alabama), the case was administratively closed, and plaintiff filed his motion for return of property in Alabama on October 24, 2018. The Government responded on October 30, 2018, and plaintiff did not file his properly completed IFP in this action until November 19, 2018, after the motion was fully briefed in Alabama.

9

he will obtain a different result in this district.[9]

## IV. Opportunity to Amend

### A. Legal Standards

Generally, before the court dismisses a pro se complaint *sua sponte*, the court should afford the plaintiff the opportunity to amend at least once, however, leave to re-plead may be denied where any amendment would be futile. *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993). Futility is present when the problem with plaintiff's causes of action is substantive such that better pleading will not cure it. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (citation omitted).

### B. Application

After a very careful review of this complaint, this court finds that there is no possible amendment to this complaint that this plaintiff can propose at this time that would change the court's finding regarding his claim for return of property. Therefore, the court recommends that the complaint be dismissed without the opportunity for amendment. However, the court will recommend that the dismissal be without prejudice, pending the court's decision on the pending proceedings in Alabama, particularly the forfeiture proceeding in which the Government argues that the property in question is subject to mandatory forfeiture based upon the plaintiff's convictions.

---

[9] To the extent that plaintiff asks for a "declaratory judgment," it is not an appropriate form of relief in this case. The purpose of the Declaratory Judgment Act is to allow a plaintiff who is not certain of his rights to avoid accrual of "avoidable damages" and "'to afford him an early adjudication without waiting until his adversary should see fit to begin suit, after damage has occurred.'" *Chiste v. Hotels.com, L.P.*, 756 F. Supp. 2d 382, 407 (S.D.N.Y. 2010) (quoting *United States v. Doherty*, 786 F.2d 491, 498 (2d Cir.1986) (quoting *Luckenbach S.S. Co. v. United States*, 312 F.2d 545, 548 (2d Cir.1963)). In this case, there is no "cloud of uncertainty" affecting plaintiff's rights, and there is no basis for declaratory relief when only past acts are involved. *Id.* (citations omitted). Thus, any request for declaratory relief is not appropriate in this action.

**WHEREFORE**, based on the findings above, it is

**ORDERED**, that plaintiff's motion to proceed IFP (Dkt. No. 6) is **GRANTED FOR FILING PURPOSES ONLY**, and it is

**ORDERED**, that plaintiff's request for "judicial intervention" (Dkt. No. 8) is **DENIED AS MOOT**, and it is

**RECOMMENDED**, that plaintiff's complaint be **DISMISSED IN ITS ENTIRETY WITHOUT OPPORTUNITY TO AMEND AT THIS TIME, BUT WITHOUT PREJUDICE AS DISCUSSED ABOVE**, and it is

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: November 29, 2018

Hon. Andrew T. Baxter
U.S. Magistrate Judge